The opinion of the court was delivered by
Rogers, J.
A fieri fdcias, post annum et diem, is not void, but voidable. The plaintiff is put to a scire facias, that the defendant may have an opportunity of showing-that the debt is paid, and, ?s it is intended for his benefit, he may dispense with the writ, either by express agreement, or by conduct, which amounts to a waiver; and this, in fact, is frequently done when the defendant is aware that the debt is not paid or otherwise satisfied. When an irregularity has occurred, it is the duty of the opposite party to take advantage of the defect at the earliest opportunity; otherwise, in consequence of his own laches, he will be decreed to have waived every advantage arising from it. It would be unjust that the defendant should lie by with a knowledge of an error, and by this means delay his adversary, and expose him to unnecessary *328 trouble and expense. Courts are desirous, or should be, of enforcing fair dealing, and prever ting trick and chicanery, which are the disgrace of the law. . Hence, the rule is, that the party must seize the earliest opportunity of suggesting the error, otherwise it is considered as waived. The judgment was entered on the 25th of December, 1822, on which a fieri facias was issued to the Jlugust term, 1824, which was returned, “Lands levied on and condemned:” A venditioni exponas was sued oüt tQ the November term, 1S24, and' money made: The plaintiff in error, who was defendant below, now seeks to reverse the execution, and obtain restitution of the costs. These proceedings could not have taken place without notice to the .defendant, and being aware of them, he should have applied to the Court of. Common- Pleas to set them aside. He cannot,, with justice, complain of the costs, as it is not alleged that he paid the money, or otherwise satisfied the debt except on the execution, nor has he taken any steps whatever to arrest the proceedings. If application had been made to the Court of Common Pleas non con-stat that the defendant might not have proved the express assent of the defendant, that court would have full power to inquire into the facts, which the Supreme Court are precluded from doing, and this with me, is a strong argument to show, that application for relief should have, been first made to them. Permitting the defendant to pass by the Court of Common Pleas, and to allow' him to conie, per saltum, into this court, puts the plaintiff, in case of an agreement, entirely in the power of the defendant; for unless the agreement appears-on the record, we cannot inquire into its existence. This consequence will be avoided by saying, that the application should have been made in the Court of Commqn Pleas, who-have full power to administer justice to the parties according to the truth of the matter, and the law of the land.
Execution affirmed.